ANNMARIE MORI (SBN 217835)
Email: amori@troygould.com
RUSSELL I. GLAZER (SBN 166198)
Email: rglazer@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone: (310) 553-4441
Facsimile: (310) 201-4746

Attorneys for Plaintiffs
BROADCAST MUSIC, INC.; CONDUCIVE MUSIC; SPIRIT ONE MUSIC, A DIVISION OF SPIRIT MUSIC GROUP INC.; EMBASSY MUSIC CORPORATION; STONE DIAMOND MUSIC CORP.; WARNER-TAMERLANE PUBLISHING CORP. and BEECHWOOD MUSIC CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; CONDUCIVE MUSIC; SPIRIT ONE MUSIC, A DIVISION OF SPIRIT MUSIC GROUP INC.; EMBASSY MUSIC CORPORATION; STONE DIAMOND MUSIC CORP.; WARNER-TAMERLANE PUBLISHING CORP.; BEECHWOOD MUSIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE NOYPITZ BAR & RESTAURANT LLC d/b/a THE NOYPITZ BAR AND GRILL; LAURO CALONZO; JAMES LOPEZ; APOLLO ROBLES JR.; and GEMMA STRONG, each individually,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT |

Plaintiffs Broadcast Music, Inc., Conducive Music, Spirit One Music, a Division of Spirit Music Group Inc., Embassy Music Corporation, Stone Diamond Music Corp., Warner-Tamerlane Publishing Corp. and Beechwood Music Corporation (collectively, "Plaintiffs"), by their attorneys, for their Complaint for Copyright Infringement against Defendants The Noypitz Bar & Restaurant LLC d/b/a The Noypitz Bar and Grill, Lauro Calonzo, James Lopez, Apollo Robles Jr.; and Gemma Strong (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1.   This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3.   Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.   The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.   Plaintiff Conducive Music is a sole proprietorship owned by Janice-Marie Vercher. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6.   Plaintiff Spirit One Music, a division of Spirit Music Group, Inc. is a corporation. This

2

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**TroyGould PC**

03202-0074 4879-8782-9100.1

Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Embassy Music Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Stone Diamond Music Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Beechwood Music Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Defendant The Noypitz Bar & Restaurant LLC is a limited liability company organized and existing under the laws of the state of California, which operates, maintains and controls an establishment known as The Noypitz Bar & Grill, located at 1230 Lakes Dr., Ste 102, West Covina, CA 91790, in this district (the "Establishment").

12. In connection with the operation of the Establishment, Defendant The Noypitz Bar & Restaurant LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant The Noypitz Bar & Restaurant LLC has a direct financial interest in the Establishment.

14. Defendant Lauro Calonzo is a member of Defendant The Noypitz Bar & Restaurant LLC with responsibility for the operation and management of that limited liability company and the Establishment.

15. Defendant Lauro Calonzo has the right and ability to supervise the activities of Defendant The Noypitz Bar & Restaurant LLC and a direct financial interest in that limited liability company and the Establishment.

16. Defendant James Lopez is a member of Defendant The Noypitz Bar & Restaurant LLC with responsibility for the operation and management of that limited liability company and the Establishment.

17. Defendant James Lopez has the right and ability to supervise the activities of Defendant The Noypitz Bar & Restaurant LLC and a direct financial interest in that limited liability company and the Establishment.

18. Defendant Apollo Robles Jr. is a member of Defendant The Noypitz Bar & Restaurant LLC with responsibility for the operation and management of that limited liability company and the Establishment.

19. Defendant Apollo Robles Jr. has the right and ability to supervise the activities of Defendant The Noypitz Bar & Restaurant LLC and a direct financial interest in that limited liability company and the Establishment.

20. Defendant Gemma Strong is a member of Defendant The Noypitz Bar & Restaurant LLC with responsibility for the operation and management of that limited liability company and the Establishment.

21. Defendant Gemma Strong has the right and ability to supervise the activities of Defendant The Noypitz Bar & Restaurant LLC and a direct financial interest in that limited liability company and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

22. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 21.

23. Since March 2019, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in

the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

24.     Plaintiffs allege four (4) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

25.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

26.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

27.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

28. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

29. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

30. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

31. Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504. Plaintiffs further seek an order that Defendants be enjoined, pursuant to 17 U.S.C. § 502 from infringing, in any manner, the copyrighted musical compositions licensed by BMI.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17

1 | U.S.C. Section 505; and

2 |     (IV)  Plaintiffs have such other and further relief as is just and equitable

5 | Dated: July 5, 2023        TROYGOULD PC

By: /s/ AnnMarie Mori
    AnnMarie Mori
Attorneys for Plaintiffs
BROADCAST MUSIC, INC.;
CONDUCIVE MUSIC; SPIRIT ONE
MUSIC, A DIVISION OF SPIRIT MUSIC
GROUP INC.; EMBASSY MUSIC
CORPORATION; STONE DIAMOND
MUSIC CORP.; WARNER-TAMERLANE
PUBLISHING CORP. and BEECHWOOD
MUSIC CORPORATION

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Boogie Oogie Oogie |
| Line 3 | Writer(s) | Janice Marie Johnson; Perry Kibble |
| Line 4 | Publisher Plaintiff(s) | Janice-Marie Vercher, an individual d/b/a Conducive Music; Spirit One Music, a Division of Spirit Music Group Inc.; Embassy Music Corporation |
| Line 5 | Date(s) of Registration | 5/2/78 |
| Line 6 | Registration No(s). | PA 5-715 |
| Line 7 | Date(s) of Infringement | 11/4/22 |
| Line 8 | Place of Infringement | The Noypitz Bar and Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | How Sweet It Is To Be Loved By You a/k/a How Sweet It Is (To Be Loved By You) |
| Line 3 | Writer(s) | Lamont Dozier; Brian Holland; Eddie Holland |
| Line 4 | Publisher Plaintiff(s) | Stone Diamond Music Corp. |
| Line 5 | Date(s) of Registration | 8/27/64 |
| Line 6 | Registration No(s). | Ep 191750 |
| Line 7 | Date(s) of Infringement | 04/29/2023 |
| Line 8 | Place of Infringement | The Noypitz Bar and Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Long Train Runnin' |
| Line 3 | Writer(s) | Tom Johnston |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 5/14/73 |
| Line 6 | Registration No(s). | Ep 311574 |
| Line 7 | Date(s) of Infringement | 11/4/22 |
| Line 8 | Place of Infringement | The Noypitz Bar and Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | We Will Rock You |
| Line 3 | Writer(s) | Brian May |
| Line 4 | Publisher Plaintiff(s) | Beechwood Music Corporation |
| Line 5 | Date(s) of Registration | 11/18/77   1/30/78   7/16/79 |
| Line 6 | Registration No(s). | Eu 846121   PA 107   PA 39-056 |
| Line 7 | Date(s) of Infringement | 04/29/2023 |
| Line 8 | Place of Infringement | The Noypitz Bar and Grill |